900 F.2d 253
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sammie R. McDUFFIE, Plaintiff-Appellant,
v.
The UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 89-2374.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 9, 1990.
Decided: April 3, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (CA 3:86-3324-6H)
 John Roy Harper, II, Columbia, S.C., for appellant.
 Robert Paul Sindermann, Jr., Office of Labor Law, United States Postal Service, Washington, D.C. (Argued), for appellee; Jesse L. Butler, Assistant General Counsel, Office of Labor Law, United States Postal Service, Washington, D.C.; E. Bart Daniel, United States Attorney, Terri Hearn Potts Bailey, Assistant United States Attorney, Columbia, S.C., on brief.
 D.S.C.
 AFFIRMED.
 Before WIDENER and WILKINS, Circuit Judges, and RICHARD B. KELLAM, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Sammie R. McDuffie appeals the decision of the district court dismissing his Title VII action as not timely filed. At oral argument, appellant moved for permission to file a reply brief and the court granted appellant's motion. Finding the appeal without merit, we affirm.
 
 
 2
 Appellant is a 59-year-old black male. He has been employed by the United States Postal Service ("USPS") continuously since 1959, with the exception of two years. In March 1984, appellant applied for the position of Manager of Station/Branch Operations but was not selected. In May 1984, he filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), claiming that he was discriminatorily denied the position. In July 1986, a hearing was held before an EEOC Attorney-Examiner who concluded that appellant's claim of discrimination was not supported by the evidence. On November 20, 1986, the USPS adopted the examiner's recommendation and issued a final agency decision, pursuant to 28 C.F.R. Sec. 1613.221, finding no discrimination. The final decision also advised appellant of the 30-day time limit for seeking judicial relief as provided by 42 U.S.C. Sec. 2000e-16(c).
 
 
 3
 On November 24, 1986, McDuffie received notice of a final agency decision, along with a copy thereof. On December 24, 1986, appellant filed suit in district court naming the USPS as the defendant. The statute, 42 U.S.C. Sec. 2000e-16(c), however, required that the Postmaster General be named as defendant. No representative or agency of defendant received notice of this action by receipt of process until after January 1, 1987.
 
 
 4
 The district court dismissed the action as not timely filed, holding that Rule 15(c) of the Federal Rules of Civil Procedure, as applied by the Supreme Court in Schiavone v. Fortune, 477 U.S. 21 (1986), would not permit an amendment to the complaint, naming the Postmaster General as defendant, to relate back to the date of filing (December 24, 1986) because there was no proper service of process within the required time and no proper person received actual notice of the suit until after the statute of limitations had run. Since the action was not filed within the required time, it was barred by the statute.
 
 
 5
 We therefore affirm the opinion of the district judge. McDuffie v. United States Postal Service, C/A No. 3:86-3324-6H (D.S.C. Mar. 20, 1989).
 
 
 6
 AFFIRMED.